**ZHAO DONG, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General,\* Respondent.**

**No. 07–4547–ag.**

United States Court of Appeals, Second Circuit.

June 23, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Asst. Atty. General; Carl H. McIntyre Jr., Asst. Director; Drew C. Brinkman, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. JON O. NEWMAN, and Hon. PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhao Dong, a native and citizen of the People's Republic of China, seeks review of a September 28, 2007 order of the BIA denying his motion to reopen. *In re Zhao Dong,* No. A77 942 244 (B.I.A. Sept. 28, 2007). We assume

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Dong's untimely motion to reopen or in finding him ineligible to file a successive asylum application.

Dong argues that the BIA erred by relying on its precedential decisions to conclude in summary fashion that he failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen. However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Similarly, the BIA's determination that Dong was ineligible to file a successive asylum application was not in error. *See*

*Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).